# CSM Legal, P.C.
Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510 　　　　　　　　　　　　　　　　　Telephone: (212) 317-1200
New York, New York 10165 　　　　　　　　　　　　　　　　　　Facsimile: (212) 317-1620

　　　　　　　　　　　　　　　　　　　　　　　　　　January 9, 2023

**VIA ECF**
Honorable Judge John G. Koeltl
United States District Court
Southern District of New York
500 Pearl Street, Courtroom 14A
New York, NY 10007-1312

　　　　Re:　Escalante et al v. The New HK Inc. et al
　　　　　　　1:22-cv-05650-JGK

Dear Judge Koeltl:

　　　　This office represents the Plaintiffs in the above referenced matter. Plaintiffs write, jointly with Defendants as to Section I below, to submit this letter setting forth our views on why the Court should approve the agreed-upon settlement pursuant to *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015). The parties have agreed to a negotiated settlement agreement ("the Agreement") after extensive settlement discussions. A Countersigned copy of the Agreement is attached hereto as **Exhibit A**.

　　　　Plaintiffs allege that they were employed by Defendants. Plaintiffs brought this suit alleging violations of the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 et seq. ("FLSA"), violations of the New York Labor Law §§ 190 et seq. and 650 et seq. (the "NYLL"). Plaintiffs allege that Defendants engaged in numerous violations of the FLSA and NYLL, including failure to pay appropriate minimum and overtime wages and failure to provide statutorily-required wage statements and wage notices. Defendants have denied these allegations.

　　　　**I.　　The Proposed Settlement is Fair and Reasonable**

　　　　Under the Agreement, Defendants will pay Fifteen Thousand Dollars and Zero Cents ($15,000.00) to settle all claims. This settlement amount will be paid in one (1) installment. The installment will be paid within 30 days of the Court's approval of the Agreement. The installment shall consist of four (4) checks, made payable to "CSM Legal, P.C.", "Marvin Escalante", "Nelson Murillo", and "Victorino Antonio Victoria".

　　　　The parties participated in settlement discussions outside the mediation process, and were successfully able to come to an agreement. The Plaintiffs agreed to the current settlement amount because they wished to be compensated in part for what they believed they are owed and they do not wish to drag out the litigation process any further, benefitting all parties. Furthermore, Defendants presented a multitude of documents that materially altered Plaintiffs' damages calculations.

Plaintiffs alleged that the Defendants engaged in a variety of FLSA and NYLL violations, including failure to pay appropriate minimum wage and overtime, as well as notice and recordkeeping violations. In determining Plaintiffs' damages, Plaintiffs conveyed what they believed their hours and wages were when they were employed by Defendants. Plaintiffs' counsel then created the damages chart to reflect the information conveyed by Plaintiffs. Plaintiffs allege that they are entitled to back wages from Defendants in the amount of approximately Fifty-Four Thousand Five Hundred Seven Dollars and Fifty Cents ($54,507.50). Plaintiffs estimated that if they had recovered in full for their claims, exclusive of attorney's fees, they would be entitled to approximately One Hundred Twenty-Three Thousand Six Hundred Sixty-Nine Dollars and Twenty-Nine Cents ($123,669.29). A copy of Plaintiffs' damages chart, breaking down each amount sought from Defendants, is attached hereto as **Exhibit B**. However, the initial calculated damages reflected in the damages chart were determined to be possibly flawed following an exchange of discovery documents with the Defendants. Specifically, through the presentation of the aforementioned documents, Defendants contested Plaintiffs' allegations regarding the number of hours worked and wages paid, possibly contradicting Plaintiffs' claims. A court may approve a settlement where it "reflects a 'reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching.'" *Le v. Sita Information Networking Computing USA, Inc.*, No. 07 Civ. 0086, 2008 U.S. Dist. LEXIS 46174 at *2 (E.D.N.Y. June 12, 2008) (quoting *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982)); *see also Kopera v. Home Depot U.S.A., Inc.*, No. 09 Civ. 8337, 2011 U.S. Dist. LEXIS 71816, at *2 (S.D.N.Y. June 24, 2011) ("If the proposed settlement reflects a reasonable compromise over contested issues, the settlement should be approved.").

As such, Plaintiffs believe the settlement is reasonable, both due to the challenges of prevailing on the merits and because of the risk that Plaintiffs may not be able to collect a post-trial judgment. "Case law recognizes that potential difficulty in collecting damages militates in favor of finding a settlement reasonable." *Lliguichuzhca v. Cinema 60, LLC*, 948 F Supp 2d 362, 364 (SDNY 2013).

Considering the risks in this case outlined above, Plaintiffs believe that this settlement is fair and should be approved. *See Meigel v. Flowers of the World, NYC, Inc.*, 2012 U.S. Dist. LEXIS 2359, at *2-3 (S.D.N.Y. Jan. 9, 2012) ("Typically, courts regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of the settlement. If the proposed settlement reflects a reasonable compromise over contested issues, the court should approve the settlement.").

### II. Plaintiffs' Attorneys' Fees are Fair and Reasonable

Under the settlement agreement, Plaintiffs' counsel will receive Five Thousand Dollars and Zero Cents ($5,000.00) from the settlement fund as attorneys' fees and costs. This represents remuneration of the filing fee incurred in filing of the Complaint, and service of process performed on the Defendants, plus one third of the remainder of the recovery in this litigation. The lodestar amount, as reflected on the invoice attached hereto as **Exhibit C**, is $4,311.75, including $598.00 in costs.

The amount provided to Plaintiffs' counsel under the settlement is fair and reasonable and well within the range of fees typically awarded in cases in this Circuit. *See Castaneda v. My*

*Belly's Playlist LLC,* No. 15 Civ. 1324 (JCF) (S.D.N.Y. Aug. 17, 2015) (Francis, M.J.) (awarding the plaintiffs' attorneys a contingency fee of one-third to account for risks in litigation); *see also Calle v. Elite Specialty Coatings Plus, Inc.,* 2014 U.S. Dist. LEXIS 164069 at *9 (E.D.N.Y. Nov. 19, 2014) ("A one-third contingency fee is a commonly accepted fee in this Circuit."). In light of the nature of the issues herein, and the extensive negotiations necessary to reach the agreed-upon settlement, Plaintiff's requested award is reasonable. *See Alleyne v. Time Moving & Storage Inc.*, 264 F.R.D. at 60; see also *McDaniel v. City. of Schenectady*, 595 F.3d 411, 417 (2d Cir. 2010).

Below is a brief biography of individuals who performed billed work on behalf of Plaintiff in this matter, including the effective billable rate which the parties' request that the Court apply should the Court undertake a "lodestar analysis of the fairness of such fees (*see*, e.g, *Arbor Hill Concerned Citizens Neighborhood Assoc. v. County of Albany*, 493 F. 3d 110 (2d Cir. 2007):

i. I, Jarret Bodo ("JTB"), graduated with a J.D. from the Maurice A. Deane School of Law at Hofstra University in 2020 and was admitted to the New York State Bar in 2021. Prior to joining CSM Legal, P.C., I worked on personal injury and mass torts cases at Meirowitz & Wasserberg, LLP. My work is billed at a rate of $350 per hour.

ii. Jasmine Hernandez ("PL") is a paralegal at CSM Legal, P.C., formerly Michael Faillace & Associates, P.C. She graduated from City University of New York Hunter College in May 2018 with a dual Bachelor of Arts in Anthropology and Political Science and joined the firm of Michael Faillace & Associates in April 2019. Ms. Hernandez's work is billed at a rate of $125 per hour, well within a range of rates for paralegal work that courts have routinely approved. See, e.g., Manley, supra, Doc. No. 42, at *37; *Gonzalez v. Scalinatella, Inc.*, 112 F. Supp. 3d 5, 29 (S.D.N.Y. 2015).

Should Your Honor have any questions or concerns regarding this settlement, the parties are happy to address them. The parties thank the Court for its attention to this matter.

Respectfully submitted,

/s/ Jarret T. Bodo
Jarret T. Bodo, Esq
CSM Legal, P.C.
*Attorneys for the Plaintiffs*