UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MARVIN ESCALANTE, NELSON MURILLO, and VICTORINO ANTONIO, *individually and on behalf of others similarly situated,*<br><br>*Plaintiffs,*<br><br>-against-<br><br>THE NEW HK INC. (D/B/A HUMMUS KITCHEN), SHARON HOOTA, and MAOR ONONO,<br><br>*Defendants.* | 1:22-cv-05650-JGK<br><br>SETTLEMENT AGREEMENT<br>AND<br>RELEASE |

This Settlement Agreement and Release of Claims ("Agreement") is entered into by and among Plaintiffs MARVIN ESCALANTE, NELSON MURILLO, and VICTORINO ANTONIO (collectively "Plaintiffs") on the one hand, and Defendants THE NEW HK INC. (D/B/A HUMMUS KITCHEN), SHARON HOOTA, and MAOR ONONO (collectively "Defendants"), on the other hand. (Plaintiffs and Defendants are collectively denoted as the "Parties.").

**WHEREAS**, Plaintiffs allege that they were previously employed by Defendants;

**WHEREAS**, a dispute ensued between Plaintiffs' alleged employment and the terms thereof, which dispute has resulted in the filing of an action in the United States District Court for the Southern District of New York, captioned *Escalante et al v. The New HK Inc. et al*; No: 1:22-cv-05650-JGK (hereinafter "the Litigation"), alleging violations of federal and state wage and hour and overtime laws;

**WHEREAS**, Defendants deny any violation of federal and state wage and hour and overtime laws, including but not limited to all laws asserted by Plaintiffs in the Litigation;

**WHEREAS**, the Parties now desire to enter into this Agreement to resolve all disputes among them in the Litigation, and to avoid further costs and expenses and the uncertainty of litigation;

**NOW, THEREFORE**, in consideration of the foregoing recitals and mutual covenants and undertakings contained in this Agreement, and for other good and valuable consideration, the sufficiency of which is hereby acknowledged, the Parties agree as follows:

1. **Settlement Payment**: Defendants shall pay or cause to be paid to Plaintiffs' counsel, subject to the terms and conditions of this Agreement, the total sum of Fifteen Thousand Dollars and Zero Cents ($15,000.00) (the "Settlement Amount"), as follows:

    (a) One check, payable within 30 days of Court approval of this Agreement, in the amount of Five Thousand Dollars and Zero Cents ($5,000.00) made payable to CSM Legal, P.C.

(b) One check, payable within 30 days of Court approval of this Agreement, in the gross amount of Three Thousand Three Hundred Thirty-Three Dollars and Thirty-Three Cents ($3,333.33) that is subject to tax withholdings and covered by an IRS Form W-2 made payable to Marvin Escalante.

(c) One check, payable within 30 days of Court approval of this Agreement, in the gross amount of Three Thousand Three Hundred Thirty-Three Dollars and Thirty-Three Cents ($3,333.33) that is subject to tax withholdings and covered by an IRS Form W-2 made payable to Nelson Murillo".

(d) One check, payable within 30 days of Court approval of this Agreement, in the gross amount of Three Thousand Three Hundred Thirty-Three Dollars and Thirty-Three Cents ($3,333.33) that is subject to tax withholdings and covered by an IRS Form W-2 made payable to Victorino Antonio Victoria".

(e) The Payments in paragraphs 1(a), 1(b), 1(c), and 1(d) shall be delivered to Plaintiffs' counsel via first-class US mail, CSM Legal, P.C., at 60 East 42nd Street, Suite 4510, New York, NY 10165 and shall be deemed received on the first business day following first-class mailing.

(f) : In paying the amount specified in Section 1, Defendants make no representation regarding the tax consequences or liability arising from this Agreement. Plaintiffs and their counsel understand and agree that any and all tax liability that may be due or become due because of the exchange of benefits herein is their sole responsibility, and that they will pay any such taxes that may be due or become due. Plaintiffs agree to bear all tax consequences, if any, attendant upon the terms of this Agreement. Plaintiffs further agree to hold Defendants harmless from and against any tax or tax withholdings claims, amounts, interest, penalties, fines or assessments brought or sought by any taxing authority or governmental agency with regard to the terms of this Agreement. In the event Defendants receive written notice that any claim or assessments for taxes, withholding obligations, penalties and/or interest arising out of this settlement are being or will be made against them, they shall promptly, after receipt of such written notice, notify Plaintiffs by letter sent to counsel for Plaintiffs.

(g) Subject to the Notice of Default provisions of Paragraph 7 below, failure of Defendants to timely pay all of the Settlement Amount in the manner prescribed in subparagraphs 1(a), 1(b), and 1(c) shall render all Defendants in default with respect to this Agreement. Similarly, and subject to the Notice of Default provisions of Paragraph 7 below, failure of any check(s) tendered in satisfaction of any part of the settlement amount to clear the account of the issuer of such check(s) upon Plaintiffs', or their counsel's, attempt to cash such check(s) shall render all Defendants in default with respect to this Agreement.

2. **Release and Covenant Not To Sue**: Plaintiffs hereby irrevocably and unconditionally release from, and forever discharge and covenant not to sue Defendants, any and all of their heirs, successors, assigns, affiliates, parent organizations, subsidiaries, directors, owners, shareholders, members, agents, employees, attorneys, legal representatives and managers, with respect to any and all claims arising out of Plaintiffs' wage and hour allegations and/or claims arising under the Fair Labor Standards Act, the New York Labor Law, any New York State Wage Order (including, but not limited to the Wage Order for the Hospitality Industry). The parties hold each other harmless from any and all known claims, and liabilities of any kind that they have, had

or claimed to have against each other relating specifically to the claim and/or counterclaims asserted in the Litigation that have occurred as of the last day of signature of the Agreement.

       3.      **No Admission of Wrongdoing**: This Agreement and compliance with this Agreement shall not be construed as an admission by Defendants of any liability whatsoever, or of any violation of any statute, regulation, duty, contract, right or order.

       4.      **No Publication**: Plaintiffs agree that they will not in any manner publicize the terms of this Settlement Agreement, which includes notifying any member of the media regarding the terms and conditions of the Settlement Payment or Agreement and posting or disseminating the terms and conditions of the Settlement Payment or Agreement on any social media (including, but not limited to, Facebook, Twitter, Instagram, Law 360, or similar outlets). Such prohibition extends to dissemination of any information, whether oral, electronic, or in any document form, including, but not limited, to providing copies of this Agreement and information regarding the terms of this Agreement. Dissemination of this Agreement and the terms set forth herein shall be limited to filing documents with the Court, as is necessary to effectuate the Agreement, as may be required by law or governmental agency, for tax purposes, or pursuant to subpoena or court order. Plaintiffs may state that the matter has been settled to the satisfaction of the Parties. Notwithstanding the aforementioned provision, nothing herein shall preclude Plaintiffs from disclosing any information to any agency of the federal, state, or local government or court pursuant to court order and/or subpoena, for which appearance Plaintiffs may receive any fees allowed by law. Nothing in this Paragraph 4 shall prohibit the Parties from speaking truthfully about their claims and/or defenses, under the FLSA or NYLL, or the resolution thereof. Further, nothing in this Paragraph 4 shall prevent the Parties from filing the executed Settlement Agreement with the Court for approval or the Court from filing the resolution of those claims.

       5.      **Modification of the Agreement**: This Agreement may not be changed unless the changes are in writing and signed by authorized representatives of all of the Parties.

       6.      **Acknowledgments**: Plaintiff and Defendants acknowledge that they are not relying upon any statement, representation or promise in executing this Agreement except for statements, representations or promises expressly set forth in this Agreement. They further acknowledge and agree that the only consideration for signing this Agreement is as set forth in this Agreement.

       7.      **Default**: In the event of Default, as defined in Paragraph 1(e) above, the aggrieved party or parties shall be entitled to pursue judicial enforcement of the terms of this Agreement, provided that no such court intervention shall be sought until ten business days elapse following the giving of notice, in accordance with and as defined in Paragraph 1(e), to the defaulting party or parties.

In the event of Default, the aggrieved party or parties shall be entitled to recover from the defaulting party or parties all reasonable costs and attorneys' fees incurred in redressing or remedying such Default.

       8.      **Notices**: Notices required under this Agreement, included but not limited to the Notice required by Paragraph 1(e), shall be in writing and shall be deemed given on the first business day following first-class mailing and/or electronic transmission thereof. Notice hereunder shall be delivered:

**To Plaintiffs:**

Jarret Bodo, Esq.
CSM Legal, P.C.
60 East 42nd St. Suite 4510
New York, NY 10165
Email: Jarret@csm-legal.com

**To Defendants:**

Sharon Hoota & Maor Onono
1613 2nd Avenue
New York, NY 10028
Email: sharon@hummuskitchen.com

9. **Governing Law:** This Agreement shall be governed by, and interpreted in accordance with, the laws of the State of New York, excluding the conflict-of-laws principles thereof. The parties consent to the personal jurisdiction of the United States District Court for the Southern District of New York and the New York County Supreme Court of the State of New York, and stipulate to jointly request that the United States District Court for the Southern District of New York and/or the New York County Supreme Court of the State of New York exercise jurisdiction, in any subsequent proceeding to enforce this Agreement. Absent an explicit disavowal of retention of jurisdiction on the part of the United States District Court, such Court's approval of this Agreement shall be construed as a dismissal of the Litigation with prejudice subject to an explicit retention of jurisdiction for purposes of enforcing the provisions of this Agreement.

10. **Enforceability:** If any provision(s) of this Agreement is held to be illegal, void, or unenforceable, the illegality or unenforceability of such provision(s) shall have no effect upon, and shall not impair the legality or enforceability of, any other provision of this Agreement, provided, however, that upon any finding by a court of competent jurisdiction that a release or waiver of claims or rights or a covenant set forth herein is illegal, void or unenforceable, Plaintiff agrees to promptly execute a release, waiver and/or covenant that is legal and enforceable.

11. **Release Notification:** Defendants have afforded Plaintiffs the opportunity to discuss the terms of this Agreement and release of claims with their legal counsel prior to their entering into the Agreement, and Plaintiffs acknowledge that they had the opportunity to consult with CSM Legal, P.C. Plaintiffs acknowledge that it is their choice to waive any potential claims in return for the benefits set forth herein and that they made this decision after careful thought and a reasonable period of time to consider this Agreement, and after an opportunity to consult with his counsel. Plaintiffs confirm that this Settlement Agreement and Release has been translated to them in their native languages and that they understand the terms of this Agreement and that they are signing this Agreement voluntarily.

12. **Counterparts:** To signify their agreement to the terms of this Agreement and Release, the parties have executed this Agreement on the date set forth opposite their signatures, which appear below. This Agreement may be executed in two or more counterparts and each of such counterparts, for all purposes, shall be deemed to be an original, but all of such counterparts

together shall constitute but one and the same instrument, binding upon all parties hereto, notwithstanding that all of such parties may not have executed the same counterpart. This agreement may also be executed by facsimile transmission.

**PLAINTIFFS**

_____  Date: 2-15-23
MARVIN ESCALANTE

_____  Date: 2-16-23
NELSON MURILLO

_____  Date: 2-15-23
VICTORINO ANTONIO VICTORIA

**INDIVIDUAL DEFENDANTS**

_____  Date: _____
SHARON HOOTA

_____  Date: _____
MAOR ONONO

**CORPORATE DEFENDANTS**

**THE NEW HK, INC. (D/B/A HUMMUS KITCHEN)**

_____  Date: _____
(signature)

5

12. **Counterparts:** To signify their agreement to the terms of this Agreement and Release, the parties have executed this Agreement on the date set forth opposite their signatures, which appear below. This Agreement may be executed in two or more counterparts and each of such counterparts, for all purposes, shall be deemed to be an original, but all of such counterparts together shall constitute but one and the same instrument, binding upon all parties hereto, notwithstanding that all of such parties may not have executed the same counterpart. This agreement may also be executed by facsimile transmission.

**PLAINTIFFS**

_____     Date: _____
MARVIN ESCALANTE

_____     Date: _____
NELSON MURILLO

_____     Date: _____
VICTORINO ANTONIO VICTORIA

**INDIVIDUAL DEFENDANTS**

_____     Date: 2.27.2023
SHARON HOOTA

_____     Date: 2/27/2023
MAOR ONONO

**CORPORATE DEFENDANTS**

**THE NEW HK, INC. (D/B/A HUMMUS KITCHEN)**

5

_____  Date: 2.27.2023
(signature)

Name (Print): SHARON HOOTA          Title:

STATE OF NEW YORK    )
                    Kings    ss.:
COUNTY OF ~~NEW YORK~~  )

On the 27 day of February, 2022, before me, the undersigned, a Notary Public in and for the State personally appeared Sharon Hoota personally known to me or proved to me on the basis of satisfactory evidence to be the person whose name is subscribed to the within instrument and acknowledged to me that (s)he executed same in his or her capacity and by that his or her signature on the instrument, the person or entity upon behalf of which the person acted, executed the instrument.

_____
Notary Public

```
MARIA M ARMSTRONG
NOTARY PUBLIC, STATE OF NEW YORK
Registration No. 01AR6191075
Qualified in KINGS COUNTY
Commission Expires AUGUST 4 2024
```

6